DECISION AND JUDGMENT ENTRY
This is an appeal from a Washington County Common Pleas Court judgment that revoked community control sanctions and imposed a prison sentence on David L. McPherson, II, defendant below and appellant herein. The following errors are assigned for our review:
First Assignment of Error:
"The trial court erred when it sentenced appellant to eighteen months in prison after a violation of community control sanction when the court had not previously indicated a definite sentence to appellant for any violation."
Second Assignment of Error:
"The trial court erred in not considering any of the less severe sanctions, other than prison, when sentencing appellant, and for failing to make any findings as to why the less severe sanctions would not be appropriate."
A brief summary of the facts pertinent to this appeal is as follows. Several years ago, appellant was involved with a young lady named Ashley Harris. Miss Harris was sixteen (16) years old at the time and lived with her mother, Tammy Harris, her mother's long time boyfriend, Charles Browning, and their nine (9) year old daughter, Alison Browning. On the evening of August 19, 1998, appellant took Ashley to a party. While appellant and Ashley were gone, Tammy decided to inform Charles that she had found a new boyfriend. This led to an argument but, rather than continue fighting, Tammy took Alison and left the house. Charles, upset and endeavoring to vent his anger, proceeded to "trash" the house. Eventually, after tiring of this activity, Charles went to bed, but not before leaving a note to warn his ex-girlfriend "[w]atch your step whore there is glass everywhere."
Appellant and Ashley returned early the next day. Upon viewing the damage, Ashley became upset. She and appellant found Mr. Browning's note and immediately concluded that she, Ashley, was the "whore" to whom the message referred. Intent on defending his girlfriend's honor, appellant went to Mr. Browning's bedroom and savagely beat the man while he lay sleeping. The attack left Mr. Browning with several "serious" facial fractures which, according to the pre-sentence investigation report, required surgery to repair.
On February 11, 1999, the Washington County Grand Jury returned an indictment charging appellant with felonious assault in violation of R.C. 2903.11(A)(1). Appellant was released on his own recognizance but, after twice failing to appear for arraignment, a bench warrant resulted in his arrest in Georgia several months later. Appellant was finally arraigned on July 12, 1999, and pled not guilty to the charge. An agreement was struck with the prosecution and, on November 10, 1999, appellant pled guilty to a reduced charge of aggravated assault in violation of R.C. 2903.12(A)(1).[1]
The matter came on for sentencing on December 17, 1999, at which time the trial court noted the seriousness of both the offense and the injuries inflicted, as well as appellant's extensive criminal record. The court informed appellant that "all the factors" were "present" to justify the imposition of an eighteen (18) month maximum prison sentence. Nevertheless, the court imposed only community control sanctions. On December 23, 1999, the court ordered that appellant be subject to five years "general supervision and control of the Washington County Adult Probation Department" and that he, inter alia, serve ninety (90) days in the Washington County Jail and then complete the SEPTA Center program.
On May 2, 2000, while enrolled in SEPTA, appellant walked away from his place of employment. Authorities later caught him hiding in the attic of his wife's house in Belpre.[2] Thereafter, the State filed a motion asking that his community control sanctions be revoked. Several hearings were held and appellant admitted that he violated the previously imposed restrictions. The trial court opined that appellant had already "received a break" in his sentencing and that he was "not going to receive any more." Thus, the court ordered appellant to serve an eighteen (18) month term of imprisonment with credit for time served in the county jail and at SEPTA. Judgment to that effect was entered on June 20, 2000, and this appeal followed.
 I
Appellant argues in his first assignment of error that the trial court erred in sentencing him to eighteen (18) months in prison because the court did not provide the required statutory notice that the prison sentence would be the penalty imposed for a violation of the community control sanctions. We must reluctantly agree. Our analysis begins with R.C. 2929.15(B) which states, in pertinent part, as follows:
"If the conditions of a community control sanction are violated . . . the sentencing court may impose a longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section, may impose a more restrictive sanction under section2929.16, 2929.17, or 2929.18 of the Revised Code, or may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code. The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison termspecified in the notice provided to the offender at thesentencing hearing pursuant to division (B)[5] of section 2929.19of the Revised Code." (Emphasis added).
The provisions of R.C. 2929.19(B)(5) then state, interalia, as follows:
"If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated . . . the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specificprison term that may be imposed as a sanction for the violation,as selected by the court from the range of prison terms for theoffense pursuant to section 2929.14 of the Revised Code." (Emphasis added).
A trial court has three options for punishing offenders who violate community control sanctions. The court may (1) lengthen the term of the community control sanction, (2) impose a more restrictive community control sanction, or (3) impose a prison term on the offender. See State v. Johnson (Jul. 10, 2000), Coshocton App. No. 00CA2, unreported; State v. Roy (Jun. 9, 2000), Hamilton App. Nos. C-990509 C-990510, unreported; Statev. Brown (Mar. 20, 2000), Wyandot App. No. 16-99-12, unreported. If the court opts to impose a prison sentence, that sentenceshall not exceed the term specified in the notice given to theoffender at the sentencing hearing. See State v. Evans (Dec. 13, 2000), Meigs App. No. 00CA3, unreported; State v. Carter
(Dec. 10, 1999), Greene App. No. 99CA67, unreported; State v.Gilliam (Jun. 10, 1999), Lawrence App. No. 98CA30, unreported. We thus turn our attention to the transcript of the December 17, 1999, hearing below.
As appellant argues in his brief, we find that appellant did not receive sufficient notice during the sentencing hearing that he could be sentenced to eighteen (18) months in prison for a community control sanction violation. The closest is the following colloquy:
"I'm going to grant community control. The conditions are; you serve ninety days in the County Jail, starting today. After sixty days, you can have the first bed available at SEPTA. But I want you to go right from jail to SEPTA. And I think we'll have you a bed in about seventy days — seventy-five days. You complete the SEPTA Program. You're on community control for five years. You get out of line, you go to prison. It's just that simple. * * *
 * * *
Now, those are the terms and conditions of community control. You violate them, you can be sent to prison." (Emphasis added).
This statement put appellant on notice that he could receive prison time if he violated community control. However, the statement did not sufficiently inform appellant that such imprisonment would be for a term of eighteen (18) months. The trial court did not specify that term and, thus, was prohibited by R.C. 2929.15(B) from imposing such punishment for violation of community control sanctions.
The state offers several arguments in rebuttal. First, we are cited to our decision in State v. Curry (Jan. 25, 1999), Washington App. No. 97CA46, unreported, wherein we found no merit to an assertion by the appellant that he was unaware he could receive a prison sentence for violating community control. This court held that the transcript "clearly and unmistakably conveyed the message that violation of community control would result in the imposition of the maximum [prison] term." The Curry case is distinguishable from the cause sub judice, however, because that message was not "clearly and unmistakably" conveyed here. The trial court indicated only that appellant would go to prison for violating community control; it never specified at that hearing the term to which he would be sentenced.
The State also points to the trial court's remarks at the December 17, 1999 hearing about "all the factors" being present to sentence appellant to a maximum term of eighteen (18) months. The State argues that this was sufficient to meet the mandate of R.C. 2929.19(B)(5) and indicate the specific prison term to which appellant would be sentenced if he violated community control. We reluctantly disagree. We note that during the hearing the trial court also stated that it was "not going to do that" (i.e. sentence appellant to a maximum sentence). We believe it is a considerable stretch to extrapolate from the court's comments that an eighteen (18) month prison term would be imposed for violating community control. Additionally, we further note that the trial court could have sentenced appellant to six (6) to eighteen (18) months in prison.[3] In view of the fact that the court did not initially impose a prison sentence, it is not unreasonable to conclude that the court might have imposed a sentence on the lower end of the sliding scale rather than a maximum possible sentence for a first violation of community control sanctions.
The State next relies on the transcript of the November 10, 1999 change of plea hearing which reveals that the trial court informed appellant that the maximum penalty for his offense was eighteen (18) months in prison and then, several pages later, informed appellant that the court could "send [him] to prison for up to the maximum stated term allowed for the offense" for violation of community control. The State concludes that this complied with R.C. 2929.19(B)(5). Again, we reluctantly disagree. Our first concern is that the trial court did not repeat that the "maximum stated term" which could be imposed was eighteen (18) months. This was left for appellant to recall and digest from the dialogue that occurred several minutes earlier. While this distinction may, at first blush, sound trivial, the statute's goal is to put a defendant on notice of the possible prison time to which he could be sentenced. See State v. Taylor (Jan. 29, 2001), Clermont App. No.CA2000-05-036, unreported. Appellant's limited education further supports our conclusion that he did not receive adequate notice of the length of the possible sentence that he could be given.
More importantly, however, R.C. 2929.19(B)(5) states that the notification is to be given to the offender at the sentencing hearing. It is axiomatic that statutes mean what they say. SeeLucas Cty. Auditor v. Ohio Bur. of Emp. Serv. (1997),122 Ohio App.3d 237, 246, 701 N.E.2d 703, 709; Woods v. Farmers Ins. ofColumbus, Inc. (1995), 106 Ohio App.3d 389, 394, 666 N.E.2d 283,286; also see Triner v. Pressco Tech. (Dec. 16, 1999), Cuyahoga App. No. 75254, unreported; Wickline v. Wickline (Mar. 31, 1994), Jackson App. No. 718, unreported. This statute does not say that notification is to be given at a change of plea hearing or at any hearing other than the sentencing hearing. Thus, we cannot look to the November 10, 1999 change of plea hearing to satisfy the R.C. 2929.19(B)(5) requirements.[4]
The State cites us to a number of cases purportedly holding that notification given other than at the sentencing hearing is sufficient to satisfy the statute. These include State v. Nutt
(Oct. 19, 2000), Franklin App. No. 00AP-190, unreported, Statev. Stokes (Jun. 17, 1999), Union App. No. 14-98-53, unreported, and State v. Miller (Dec. 30, 1999), Tuscarawas App. No. 99AP020010, unreported. We are not persuaded. The Court in Nutt
expressly declined to address this issue. In Stokes, the Court conceded that the defendant was not notified at the sentencing hearing that he could be given a maximum eighteen month prison sentence for violating community control. The court determined, however, that the court substantially complied with R.C.2929.19(B)(5) because the defendant (1) signed an entry at the plea hearing which contained a similar warning and (2) was given a "suspended" eighteen month prison term at the sentencing hearing. These factors distinguish Stokes from the present case. In the case sub judice, we note that appellant did not sign such an entry or waiver nor was appellant given a maximum sentence which was then suspended.
The Miller case involved a situation in which the court informed the defendant at the change of plea hearing that his crime was punishable by up to five (5) years in prison, and that if he violated community control he could be imprisoned up to the maximum stated term allowed for the offense. Later, at the sentencing hearing, the court reminded the defendant that if he did not satisfactorily complete community control "he could be sentenced to the maximum." The Fifth Appellate District found that the court sufficiently complied with R.C. 2929.15(B)(5). Here again, the facts in Miller are at variance than the facts in the cause sub judice. In the case at bar, the court only told appellant that he would go to prison if he violated community control. The court did not inform appellant that he would receive the "maximum" term of imprisonment or, for that matter, any specific term of imprisonment at all.
Although we find the aforementioned cases to be factually distinguishable from the instant case, we must also respectfully disagree with the analysis of our colleagues to the extent that R.C. 2929.19(B)(5) compliance can be achieved through notifying defendants of the potential punishment for community control violations at the plea hearing rather than at the sentencing hearing. The statute expressly calls for notice to be provided at sentencing. This Court is constrained to apply the law as it is written, not as we might have wished it was written.[5]
Thus, we conclude the trial court did not indicate during sentencing the specific prison term it would impose for violation of community control sanctions. Accordingly, R.C. 2929.15(B) precluded the court from imposing a prison sentence. Appellant's first assignment of error is accordingly sustained.
 II
Appellant argues in his second assignment of error that the trial court erred in not considering a less severe sanction when punishing appellant for violating of community control. We agree.
Our analysis begins with the court's June 20, 2000 judgment entry which states, inter alia, that "the [appellant's] community control is TERMINATED, and the sentence heretoforeimposed be placed into effect and the [appellant] is sentenced to [prison] for a definite period of eighteen (18) months . . ." (Emphasis added.) The first problem that appears is the trial court's reference to a sentence "heretofore imposed." As appellant correctly notes in his brief, the only sentence imposed by the December 23, 1999 sentencing entry was a community control sanction, including ninety (90) days in the county jail. The trial court did not impose, or suspend, any prison sentence.
It is also apparent from the June 20, 2000 judgment entry that the trial court treated this case as something similar to a probation revocation proceeding in which a prison sentence could be imposed automatically for a probation violation. However, a community control violation must be treated differently. A prominent treatise explains that difference as follows:
"The purposes, principles, and statutory guidance for sentencing apply to sanctions for violation of a community control sanction as well as for the original felony conviction. As a result, the provisions of RC 2929.11, RC 2929.13, and RC2929.14 limit how a judge determines the proper sanction for a violation of community control. Prior to 1995 Senate Bill 2, it was quite appropriate for a judge to treat probation as a contract for leniency. The judge imposed but suspended a prison sentence-the presumed proper punishment for the crime of conviction. Probation was conditioned on good behavior. Violation of that probation was a breach of contract with the sentencing judge. For the breach, the judge could properly impose the suspended prison sentence-even for the most trivial violation of probation.
Under Senate Bill 2, a sentence to a community control sanction is not a contract for good behavior that automatically is punishable by prison if it is violated. The community control sanction that is imposed is the appropriate sentence for the crime of conviction. That sanction was the one that should have adequately punished the offender for his misconduct and should have adequately protected the public from future crime by the offender. The sentence should have been reasonably calculated to achieve those overriding purposes. Just as the Parole Board can no longer extend a sentence as a revised punishment for the felony which sent the offender to the penitentiary, so the court which imposes punishment for a violation of a community control sanction cannot punish the offender again for the crime that gave rise to the community control sanction. The sanction for the violation of the community control sanction should be the sanction that is commensurate with the seriousness of the violation and adequately protects `the public from future crime by the offender and others.'" Griffin Katz, Ohio Felony Sentencing Law (2000 Ed.) 523-524, § T5.36 (Footnotes deleted.)
The State essentially concedes that an automatic prison sentence was improper in this instance and agrees that the matter should be remanded back for re-sentencing. The State argues, however, that it is incongruous to require the trial court to notify appellant of a specific prison term to be imposed if he violates community control, pursuant to R.C. 2929.19(B)(5), but then require the trial court to revisit the sentencing guidelines when punishing the offender for a violation of those sanctions. Although we may agree with the State's reasoning, it appears that the Ohio General Assembly has unleashed confusion and complexity with the new sentencing scheme. Moreover, as we have done time and again, we stress that nothing in this opinion should be misconstrued as criticism for the way this case was handled by the trial court or by the prosecutor's office. The problem here lies with the endless complexity of the convoluted and oftentimes contradictory provisions of these statutes. See Evans,supra; State v. Combs (Jul. 18, 2000), Scioto App. No. 00CA2692 99CA2679, unreported; State v. Ferguson (Aug. 19, 1999), Pickaway App. No. 99CA6, unreported. We are particularly cognizant of the trial court's frustration in this case because, clearly, the court attempted to simultaneously comply with the statute and "give appellant a break." Appellant clearly abused the opportunity given to him but will unfortunately manage to escape any prison time as punishment because of an inadvertent failure to specify the maximum prison sentence that he would be given for violating community control. This result is most regrettable. Nevertheless, appellant's assignment of error is well taken and sustained.
Having sustained both assignments of error, we hereby reverse the trial court's judgment. We remand this matter for further proceedings consistent with this opinion.
Judgment reversed and Case remanded for further proceedings.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and that the case be remanded for further proceedings consistent with this opinion. Appellant shall recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, J.: Concur in Judgment Opinion.
[1] In a related case, appellant also pled guilty to breach of recognizance, an unscheduled misdemeanor, in violation of R.C.2937.29 and R.C. 2937.99(B), and was sentenced to ninety days in the Washington County Jail.
[2] The record indicates that on November 15, 1999, appellant married Heather Harris. It is unclear whether this woman is any relation to the Ashley Harris with whom appellant was involved at the time of the original assault.
[3] Aggravated assault is a fourth degree felony, R.C.2903.12(A), and the available prison sentences for such offenses range from six (6) to eighteen (18) months. R.C. 2929.14(A)(4).
[4] One prominent treatise on the subject has noted that the Ohio Supreme Court has "expressed its intent to enforce RC Chapter 2929 exactly as it is written." See Griffin Katz, Ohio Felony Sentencing Law (2000 Ed.) 176, § AC 2929.19-V citingState v. Edmonson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131.
[5] Although it was not argued by the State in its brief, we acknowledge that the December 23, 1999 sentencing entry set out that a "[v]iolation of any of this sentence shall lead to a more restrictive sanction, a longer sanction, or a prison term of upto eighteen (18) months." (Emphasis added.) Here again, this notice was not given at the sentencing hearing as required by R.C. 2929.19(B)(5). We have held that the statute is not satisfied by setting out the requisite notice in a sentencing entry. See State v. Evans (Dec. 13, 2000), Meigs App. No. 00CA03, unreported.