{¶ 1} Appellant, John J. Sim, Jr. ("Sim"), appeals from the judgment entered by the Lake County Court of Common Pleas.
{¶ 2} On February 29, 2000, Sim was charged with two counts of breaking and entering, one count of receiving stolen property, and one count of burglary. Sim waived indictment and pled guilty to all of the charges on March 23, 2000.
{¶ 3} On April 24, 2000, Sim appeared at the sentencing hearing. Sim was sentenced to six-month terms for the breaking and entering convictions and for the receiving stolen property conviction. Sim was also sentenced to a four-year term on the burglary charge. These terms were to be served concurrently. However, later that day, the trial court vacated this sentence. Sim was sentenced to four years of community control for these crimes and ordered to pay restitution. The sentence ordering Sim to serve four years of community control was journalized in an April 26, 2000 judgment entry. No judgment entry was ever filed for the vacated sentence.
{¶ 4} On May 8, 2000, Sim tested positive for marijuana, which was a violation of his community control sanctions. Sim pleaded guilty to violating the terms of his community control at a hearing on May 25, 2000. For this violation, Sim was sentenced to ninety days in jail and ordered to complete a treatment program.
{¶ 5} On May 1, 2001, Sim was convicted of receiving stolen property in the Willoughby Municipal Court. This was a violation of his community control, and Sim pleaded guilty to violating the terms of his community control. On June 26, 2001, the trial court then sentenced Sim on the four original charges. Sim was sentenced to six-month terms on the breaking and entering charges and the receiving stolen property charge, to be served concurrently with a five-year sentence on the burglary charge.
{¶ 6} Sim raises the following assignments of error:
 {¶ 7} "[1.] The trial court erred to the prejudice of the Appellant when it sentenced the Appellant to prison for a violation of his community control sanctions."
 {¶ 8} "[2.] The Trial Court erred to the prejudice of the Appellant when it sentenced the Appellant to the maximum sentence of five years for the offense of Burglary, a felony in the third degree."
{¶ 9} Pursuant to R.C. 2953.08(G), a reviewing court will not disturb a defendant's sentence unless it finds, "by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law." State v. Fitzpatrick (Dec. 2, 2000), 11th Dist. No. 99-L-164, 2000 Ohio App. LEXIS 5608, at *13.
{¶ 10} Sim initially argues that the trial court erred when imposing his sentence. For the following reasons, we disagree.
{¶ 11} Sim was sentenced after violating his community control sanctions. Therefore, the applicable statute was for his sentencing was R.C. 2929.15(B), which provides:
 {¶ 12} "The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) of section 2929.19
of the Revised Code."
{¶ 13} Although the statute refers to division (B)(3) of section2929.19, it is apparent the statute intends to refer to division (B)(5) of section 2929.19 of the revised code. See State v. McPherson (2001),142 Ohio App.3d 274, 277.
{¶ 14} Turning to the language of 2929.19(B)(5), which states, in relevant part:
 {¶ 15} "The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code."
{¶ 16} The trial court informed Sim of the prison term that would be imposed if he violated his community control. At the sentencing hearing, the court told Sim that if he came back, "you're going to go and you're going to go as long as I can ship you and we will bury you." This statement clearly informed Sim that the court would impose the maximum sentence if he violated his community control. Sim was aware of the maximum prison term for his offenses. Before Sim entered his guilty plea, the court informed him that he could be facing a total of eight years, if the sentences were ordered to be served consecutively.
{¶ 17} Before Sim was given community control, he had been sentenced to serve a four-year term on the burglary charge. Although this sentence was subsequently vacated by the trial court, it provided Sim with knowledge of the trial court's intentions when sentencing him.
{¶ 18} Finally, the judgment entry contained the following language "[v]iolation of this sentence shall lead to a more restrictive sanction, a longer sanction, or a prison term of up to five (5) years." We note that some courts have held that this language in a judgment entry does not meet the requirements of R.C. 2919.15(B), because it was not given at the sentencing hearing. See State v. McPherson,142 Ohio App.3d at 281, fn. 5, citing State v. Evans (Dec. 13, 2000), 4th Dist. No. 00CA003, 2000 WL 33538779. However, we hold that this language, coupled with the trial court's explicit warning that Sim would receive the maximum sentence, satisfies the requirements of R.C. 2919.15(B).
{¶ 19} Since Sim's sentence was imposed pursuant to R.C. 2929.15, it is not contrary to law. Moreover, a review of the record shows that the sentence is supported by it. Specifically, the record indicates that Sim violated the terms of his community control on two separate occasions. We note that the trial court had been extremely lenient with Sim. First, the trial court vacated the original sentence and sentenced Sim to community control. Then, after Sim's first violation of the terms of his community control, the trial court sentenced him to ninety days in jail and ordered him to complete a drug treatment program. It was only after Sim's second violation of his community control sanctions, another conviction for receiving stolen property, that the court issued the five-year sentence.
{¶ 20} Next, Sim asserts that the trial court erred by sentencing him to more than the minimum sentence. If a defendant has not previously served a prison term, the court shall impose the minimum term allowed for the offense, "unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or by others." R.C. 2929.14(B). In its judgment entry, the trial court found that "the shortest sentence would demean the seriousness of the defendant's conduct and would not adequately protect the public from future crime by the defendant or others."
{¶ 21} When imposing a sentence that is greater than the minimum, the trial court is not required to state its reasons for making findings pursuant to R.C. 2929.14(B). State v. Edmonson (1999), 86 Ohio St.3d 324, syllabus. Thus, the trial court's findings justified its imposition of a sentence that was greater than the minimum.
{¶ 22} Sim's first assignment of error is without merit.
{¶ 23} In his second assignment of error, Sim asserts that the trial court erred by imposing the maximum sentence for the burglary count.
{¶ 24} Burglary is a third degree felony and, thus, the five-year prison term imposed on Sim is the maximum sentence. R.C. 2929.14(A). The maximum prison term may only be imposed on offenders who committed the worst forms of the offense, offenders who pose the greatest likelihood of committing future crimes, certain major drug offenders, and certain repeat offenders. R.C. 2929.14(C). In its judgment entry, the trial court found that Sim poses the greatest likelihood for recidivism.
{¶ 25} Although a trial court is not required to state its reasons for making findings that justify imposing more that the minimum sentence, R.C. 2929.19(BB)(2)(d) requires the trial court to state its reasons for imposing the maximum prison term. State v. Edmonson,86 Ohio St.3d at 328.
{¶ 26} At the hearing, the assistant prosecutor reminded the court that it must state its reasons for imposing the maximum sentence on the record. The trial court responded by stating:
 {¶ 27} "I find the Defendant poses the highest risk of recidivism; his prior record; being on probation with this court; entering a plea of guilty to the subsequent offense, and after being warned by this court in the strongest language possible what would happen to him [if] he came back in here. He is back here, he shows no respect nor fear of the law."
{¶ 28} The trial court adequately stated its reasons for imposing the maximum sentence. Accordingly, Sim's second assignment of error is without merit.
JUDITH A. CHRISTLEY, J., concurs, WILLIAM M. O'NEILL, P.J., dissents with Dissenting Opinion.