DECISION AND JUDGMENT ENTRY
{¶ 1} Rex Cossin ("Cossin") appeals his sentence of eighteen months in prison following a violation of his community control sanctions imposed for an underlying assault on a peace officer. Cossin argues the trial court failed to make the requisite statutory findings to support the imposition of the maximum prison sentence following the revocation of his community control. We agree because the trial court failed to state that it considered the criteria enumerated in R.C. 2929.14(C), and further failed to make a finding that Cossin either committed the worst form of the offense, or posed the greatest likelihood of committing future crimes. Additionally, Cossin argues the trial court erred in imposing an eighteen-month prison sentence for his violative conduct, which only resulted in a minor misdemeanor charge. We disagree in part because we find that a court may properly impose a prison sentence for a community control violation when the offender's conduct demonstrates that he presents a continuing danger to the public. However, to the extent that the trial court improperly imposed the maximum sentence, we agree. Accordingly, we reverse the decision of the trial court and remand this cause for re-sentencing.
 I. {¶ 2} The state charged Rex Cossin ("Cossin") with one count of assault on a peace officer pursuant to R.C. 2903.13(A)(3). Cossin pleaded guilty. The record reflects Cossin was originally charged with a misdemeanor in the Athens County Municipal Court. The parties reached a plea agreement, and scheduled a change of plea hearing. Before the hearing date arrived, the grand jury indicted Cossin on related charges. Then, Cossin was a passenger in a car when the driver was stopped for speeding. During that traffic stop, the officer asked for identification from everybody in the car, and arrested Cossin when the routine record check revealed the indictment.
 {¶ 3} At the original sentencing hearing, the trial court stated its belief that Cossin's behavior warranted prison time. However, due to the timing of the grand jury indictment in relation to the plea agreement in the municipal court case, the court stated that it felt compelled to honor the terms of the plea agreement. The trial court then sentenced Cossin to five years of community control with conditions. At that time, the trial court cautioned Cossin that any violation of his community control would result in an eighteen-month prison sentence.
 {¶ 4} A mere eight days after his sentencing hearing, Cossin was a passenger in an automobile with two other gentlemen when the Athens police stopped the automobile and ultimately arrested the driver for OMVI. During the traffic stop, the officers on the scene directed Cossin and the other passenger to remain in the vehicle. However, claiming an urgent need to urinate, Cossin exited the vehicle on three separate occasions. The first two times Cossin exited the vehicle, the officers directed him to return to the vehicle. The third time he exited, an officer ordered him to the ground, placed him under arrest, and ultimately charged him with disorderly conduct. The State filed a notice of Cossin's violation of his community control, requesting that the Court find Cossin violated his community control, and that the court impose the underlying sentence of incarceration.
 {¶ 5} Testimony at the January 16, 2003 hearing regarding the termination of Cossin's community control established that Cossin violated his community control sanction by frequenting an establishment that served alcohol by the drink, consuming alcohol, failing to control his anger, and being charged with disorderly conduct. Because of these violations, the trial court revoked Cossin's community control sanctions and sentenced him to eighteen months in prison, the maximum sentence for his underlying fourth degree felony.
 {¶ 6} Cossin timely appealed, raising the following assignments of error: 1) the trial court erred in failing to make the requisite statutory findings to support the imposition of the maximum prison sentence, following the revocation of defendant's community control; and 2) the trial court erred in imposing a sentence of eighteen months in prison for the violative conduct at issue in this case.
 {¶ 7} As a preliminary matter, we note, after filing his notice of appeal in this case, Cossin requested, and the trial court ultimately granted, judicial release. The State filed a motion to dismiss this appeal for mootness or lack of final appealable order. We denied the State's motion, noting that the State responded to the assignments on the merits. See, generally, State v. McLemore (Feb. 22, 2002), Montgomery App. No. 18495, 2002-Ohio-931.
 {¶ 8} In its brief, the State renewed its request that we dismiss this appeal as moot due to Cossin's judicial release. Even if we assume, as to Cossin, this appeal is moot, we note that a court may decide the issues raised where the issues are capable of repetition, yet evade review. State v. Fox (Mar. 6, 2001), Wyandot App. No. 16-2000-17, citingState ex rel. Beacon Journal Publishing Co. v. Donaldson (1992),63 Ohio St.3d 173, 175, quoting State ex rel. Plain Dealer PublishingCo. v. Barnes (1988), 38 Ohio St.3d 165, paragraph one of the syllabus. The issues raised in Cossin's brief relate to sentencing for fourth degree felonies, for which a defendant may petition the court for judicial release. Thus, these errors, which are capable of repetition, may evade review. For this reason, this court has jurisdiction to hear this appeal. Accordingly, we will address the merits of appellant's assignments of error.
 {¶ 9} Cossin alleges that the trial court erred in failing to make the requisite findings before imposing the maximum sentence following the revocation of his community control. In conducting our review of the trial court's sentencing, we recognize that the statutory sentencing guidelines place various controls upon judicial discretion, stating various purposes, principles, presumptions, and factors the court must
consider in making its sentencing determination. State v. Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11. Accordingly, we may reverse a sentence if we find, by clear and convincing evidence, that the sentence is unsupported by the record or it is contrary to law. R.C. 2953.08(G)(2)(a) and (b).
 {¶ 10} Pursuant to R.C. 2929.14(C), a court may only impose a maximum sentence "* * * upon offenders who committed the worst form of the offense [or] upon offenders who pose the greatest likelihood of committing future crimes * * *." (Emphasis added.) Additionally, R.C.2929.19(B)(2)(d) requires the trial court to "make a finding that gives its reasons for selecting the sentence imposed", and further requires the trial court to set forth its "reasons for imposing the maximum prison term."
 {¶ 11} In interpreting the requirement that the trial court make findings and give reasons supporting a maximum sentence, the Ohio Supreme Court has held, "[i]n order to lawfully impose the maximum term for a single offense, the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." State v. Edmondson (1999), 86 Ohio St.3d 324,329. Thus, in order for the trial court to lawfully impose the maximum term upon Cossin, the record must reflect that Cossin either committed the "worst form" of the offense, or that he poses the "greatest likelihood" of recidivism.
 {¶ 12} Here, the trial court has made no finding that Cossin either committed the worst form of the offense or poses the greatest likelihood of recidivism. Nowhere in the record does the court state that it even considered the factors enumerated in R.C. 2929.14(C), let alone that it found either of the conditions to exist.
 {¶ 13} At the July 2, 2002 disposition hearing on the State's motion to terminate community control, the State argued that Cossin had committed the worst form of the offense, and that his prior failures with parole and the SEPTA program warranted the maximum sentence. The trial court, at the April 11, 2002 sentencing hearing and July 2, 2002 disposition hearing noted that the PSI reflected four of the five recidivism likely factors were present, and none of the recidivism unlikely factors were present, and attached the factors analysis completed by Cossin's parole officer to its decision.
 {¶ 14} In its July 19, 2002 Judgment Entry, the trial court found that Cossin "was unsuccessfully terminated from the SEPTA Center Program; that [he] previously was on probation; [he] previously has been in a half-way house; and that [he] has two prior parole violations. The Court advised the Defendant at sentencing that he was not amendable (sic) to community control, that he should be in prison and will be sent there if he violates community control in any way." The court further found that Cossin's violation of his community control sanctions "was only a few days after sentencing, which shows he is dangerous, cannot stay away from alcohol or control his temper." While these factors, combined with Cossin's extensive history of violence, weapons, and substance abuse may support a finding that Cossin presents the "greatest likelihood" of recidivism the trial court made no such finding, be it oral or written.
 {¶ 15} As we have previously held, "[w]hen imposing a maximum sentence, the trial court must state its reasons for doing so, on the record, at the sentencing hearing." State v. Riggs (Sept. 13, 1999), Washington App. No. 98CA39, citing State v. Lenegar (Feb. 3, 1999), Vinton App. No. 98CA521; R.C. 2929.19(B)(2)(d). Without such a finding in the record, we have no alternative but reverse the decision of the trial court and remand for re-sentencing. Accordingly, we sustain Cossin's first assignment of error.
 II. {¶ 16} In his second assignment of error, Cossin argues that, pursuant to our decision in State v. McPherson (2001), 142 Ohio App.3d 274, the only relevant inquiry in sentencing a defendant for community control violations is whether the punishment contemplated is commensurate with the violative conduct, and not the underlying offense. Cossin claims that a sentence of eighteen months in prison is not commensurate with a community control violation that only resulted in a minor misdemeanor charge.
 {¶ 17} Mr. Cossin's argument misconstrues our decision inMcPherson. In McPherson, we addressed the appropriateness of an eighteen-month prison term for violation of a community control sanction, where the trial court failed to notify the defendant of the penalty for such a violation at the original sentencing hearing. R.C.2929.19(B)(5) provides, in relevant part: "[t]he court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code." (Emphasis added.) Thus, a trial court may impose a prison term for a violation of a community control sanction, provided it notifies the offender, during the original sentencing hearing, of the specific prison term that may be imposed.
 {¶ 18} In McPherson, the trial court only sentenced the defendant to a community control sanction, including ninety days in the county jail. We found that "[t]he trial court did not impose, or suspend, any prison sentence." Id. at 281. However, when sentencing McPherson for a subsequent community control violation, the trial court imposed an eighteen-month prison sentence. We noted "the trial court treated this case as something similar to a probation revocation proceeding, in which a prison sentence could be imposed automatically for a probation violation." Id.
 {¶ 19} In our decision in McPherson, we quoted a passage from Griffin Katz, Ohio Felony Sentencing Law, wherein the authors explain the difference between a suspended prison sentence with parole and community control sanctions. That treatise states,
"* * * the court which imposes punishment for a violation of a community control sanction cannot punish the offender again for the crime that gave rise to the community control sanction. The sanction for the violation of community control sanction should be the sanction that is commensurate with the seriousness of the violation and adequately protects `the public from future crime by the offender and others.'"McPherson, 142 Ohio App.3d at 433, citing Griffin Katz, Ohio Felony Sentencing Law (2000 Ed.) 523-24, Sections T5.36.
 {¶ 20} In McPherson, we noted the trial court had failed to notify the defendant of the specific term of imprisonment that it would impose for a community control violation. We found the sentence for the community control violation must be commensurate with the violative conduct, and, under the facts of that case, we determined it could not include a prison sentence.
 {¶ 21} Here, however, the trial court specifically and repeatedly warned Cossin that any violation of his community control sanction would result in the imposition of an eighteen-month prison sentence. We note the very treatise Cossin relies upon to support his argument states, "[i]f the offender's conduct under a community control sanction demonstrates that the offender is a continuing danger to the public, other sanctions, including prison can be imposed. To be consistent with the overriding purposes of felony sentencing set forth in RC 2929.11(A), noncriminal violations of community control should not be punished by prison unless they demonstrate that the offender is not amenable to community control and that prison is necessary to protect the public from future crime by the offender and others." Griffin Katz, Ohio Felony Sentencing Law (2000 Ed.) 524, Section T5.36.
 {¶ 22} Cossin committed multiple violations of his community control conditions a mere eight days after his sentencing hearing. Yet, Cossin would have this Court believe that his only violative conduct was that resulting in his minor misdemeanor charge. We find the trial court properly found Cossin's violations to include his visit to an establishment that served alcohol, his use of alcohol, his failure to control his anger, and his disorderly conduct.
 {¶ 23} Cossin's violations mirrored many of the circumstances surrounding his underlying offense, wherein he was stopped and arrested for DUI, and subsequently assaulted a peace officer while in custody. Based upon his multiple community control violations only days after his sentencing and Cossin's prior record, the trial court could reasonably conclude Cossin was not amenable to community control, and a prison term was necessary to protect the public from future crime by Cossin. However, because the trial court failed to support its imposition of the maximum sentence, we agree that the trial court erred in imposing a sentence of eighteen months for his violation of community control sanctions.
 {¶ 24} Based upon the foregoing, we conclude that the trial court failed to find on the record that Cossin either committed the "worst form" of his offense or that he posed the "greatest likelihood" of recidivism. Therefore, we find by clear and convincing evidence the trial court's imposition of the maximum sentence was contrary to law. Accordingly, we sustain Cossin's first and second assignments of error, reverse the decision of the trial court and remand this cause for re-sentencing.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for re-sentencing and that costs herein be taxed to the appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court of Athens County to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion.