The STATE of Ohio, Appellee,

v.

SUTTON, Appellant.

[Cite as *State v. Sutton,* 162 Ohio App.3d 802, 2005-Ohio-4589.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 05CA2818.

Decided Aug. 23, 2005.

David H. Bodiker, Ohio Public Defender, and Ben A. Rainsberger, Assistant State Public Defender, for appellant.

Toni L. Eddy, Chillicothe Law Director, for appellee.

ABELE, Presiding Judge.

{¶ 1} This is an appeal from a Chillicothe Municipal Court judgment. The court found that Tabitha L. Sutton, defendant below and appellant herein, violated her community-control requirements. Appellant assigns the following error for our review:

The court below erred by sentencing the defendant to a jail term following a violation of community control sanctions, after the court failed to give the statutory required warnings at the original sentencing.

{¶ 2} On May 1, 2004, an Ohio State Highway Patrol trooper stopped appellant for speeding on U.S. 50. During the stop, the trooper noticed an odor of alcohol, which prompted him to perform several physical-coordination field tests. Subsequently, the officer transported appellant to the patrol post. Appellant's breath-alcohol test revealed that she had an alcohol concentration of 0.122 percent per two hundred ten liters of breath and resulted in a charge of operating a motor

vehicle while under the influence of alcohol, a violation of R.C. 4511.19. Appellant eventually pleaded guilty to the charge, and the trial court, inter alia, suspended her operator's license and required that she complete a certified driver intervention program.

{¶ 3} On December 1, 2004, appellant's probation officer filed a complaint for violation of probation and charged that she had failed to complete the driver intervention program. Around the same time, appellant was charged in a separate municipal court with driving a motor vehicle without a valid operator's license. On December 17, 2004, appellant pleaded guilty to driving under suspension and admitted that she had violated her community control. The trial court thereupon ordered appellant to serve 30 days in jail and to enroll in a driver intervention program, where she could serve three of those 30 days. This appeal followed.

{¶ 4} Appellant's assignment of error asserts that the trial court erred in sentencing her to 27 days in jail for violating community control. She argues that the court was required to give her certain statutory warnings about what could happen if she violated community control and, in the absence of those warnings, could not impose a jail sentence. In support of her argument she cites the Ohio Supreme Court's decision in *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837.

{¶ 5} We begin our analysis by noting that appellant's initial conviction in 2004 was for a first-offense OMVI, a first-degree misdemeanor. R.C. 4511.19(G)(1)(a). The trial court imposed several forms of community-control sanctions, including an operator's license suspension and a requirement that she enroll in a driver intervention program. The court's imposition of sanctions is governed by R.C. 2929.25(A)(3), which provides:

At sentencing, if a court directly imposes a community control sanction or combination of community control sanctions pursuant to division (A)(1)(a) of this section, the court shall state the duration of the community control sanctions imposed and *shall notify the offender that if any of the conditions of the community control sanctions are violated the court may do any of the following*:

(a) Impose a longer time under the same community control sanction if the total time under all of the offender's community control sanctions does not exceed the five-year limit specified in division (A)(2) of this section;

(b) Impose a more restrictive community control sanction under section 2929.26, 2929.27, or 2929.28 of the Revised Code, but the court is not required to impose any particular sanction or sanctions;

(c) Impose a definite jail term from the range of jail terms authorized for the offense under section 2929.24 of the Revised Code.

(Emphasis added.)

{¶ 6} If a misdemeanant violates community control, as was the case here, a court may punish the offender as follows:

> If an offender violates any condition of a community control sanction, the sentencing court may impose upon the violator a longer time under the same community control sanction if the total time under all of the community control sanctions imposed on the violator does not exceed the five-year limit specified in division (A)(2) of this section or may impose on the violator a more restrictive community control sanction or combination of community control sanctions, *including a jail term. If the court imposes a jail term upon a violator pursuant to this division, the total time spent in jail for the misdemeanor offense and the violation of a condition of the community control sanction shall not exceed the maximum jail term available for the offense for which the sanction that was violated was imposed.* The court may reduce the longer period of time that the violator is required to spend under the longer sanction or the more restrictive sanction by all or part of the time the violator successfully spent under the sanction that was initially imposed.

(Emphasis added.) Id. at (C)(2).

{¶ 7} Appellant asserts that before a court imposes a jail sentence pursuant to R.C. 2929.25(C)(2), the court must provide a defendant with the statutory warnings set out under R.C. 2929.25(A)(3). In support of this argument, appellant cites *Brooks*, supra, in which the Ohio Supreme Court considered similar statutes, including R.C. 2929.19(B)(5)[1] and 2929.15(B),[2] in the context of felony

---

**1.** R.C. 2929.19(B)(5) provides that "[i]f the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, *if the offender commits a violation of any law, or if the offender leaves this state* without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, *or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code.*" (Emphasis added.)

**2.** R.C. 2929.15(B) states that "[i]f the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose a longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section, may impose a more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code, or may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code. *The prison term, if any, imposed upon a*

sentencing. In *Brooks* the court held that a trial court sentencing an offender to community control must deliver the notifications required by statute at the sentencing hearing. Id. at paragraph one of the syllabus. Moreover, pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a court sentencing an offender to community control must, at the time of the sentencing, "notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term \* \* \* for a subsequent violation." Id. at paragraph two of the syllabus.

■ {¶ 8} Appellant argues that the same requirements should be imposed on trial courts with respect to imposition of community control in misdemeanor cases and that trial courts must be held to the same standard, i.e., strict compliance, with R.C. 2929.25(A)(3) as they are to R.C. 2929.19(B)(5). If, appellant asserts, courts fail to give the required statutory warnings, the court may not then impose a jail sentence for a community-control violation. Further, appellant contends that trial courts must alert misdemeanants of specific jail terms that could be imposed for violation of community control and may not impose jail sentences unless it is the specific sentence given at the sentencing hearing. For the following reasons, we disagree with appellant.

■ {¶ 9} We believe that several distinctions exist between the two sentencing schemes. The most obvious is that *Brooks*, R.C. 2929.15(B) and 2929.19(B)(5) concern felony sentencing, whereas R.C. 2929.25 applies to misdemeanor cases. This may initially appear to be a minor difference until the statutory provisions are compared and two significant dissimilarities arise. First, R.C. 2929.15(B) states that a prison term imposed on a felon for violating community control cannot exceed that which is provided at sentencing pursuant to R.C. 2929.19(B)(3). We find no comparable limitation on jail time imposed for violating community control in misdemeanor cases. The only restriction set in R.C. 2929.25(C)(2) is that if a jail term is imposed for a community-control violation, "the total time spent in jail for the misdemeanor offense and the violation of a condition of the community control sanction shall not exceed the maximum jail term available for the offense for which the sanction that was violated was imposed." Thus, trial courts are not restricted to imposing specific jail terms referred to in the warnings given at the original sentencing hearing.

---

*violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) of section 2929.19 of the Revised Code.* The court may reduce the longer period of time that the offender is required to spend under the longer sanction, the more restrictive sanction, or a prison term imposed pursuant to this division by the time the offender successfully spent under the sanction that was initially imposed." (Emphasis added.)

{¶ 10} Second, and more important, when imposing sanctions on felons, R.C. 2929.19(B)(5) requires trial courts to notify the felon that a prison term may be imposed for violating community control and to "indicate the *specific* prison term that may be imposed as a sanction for the violation." (Emphasis added.) While there is a comparable provision for misdemeanors, the language is different. R.C. 2929.25(A)(3)(c) provides that trial courts need only notify misdemeanants that they can "[i]mpose a definite jail term from the *range of jail terms authorized for the offense* under section 2929.24 of the Revised Code." (Emphasis added.) This statute does not require the same degree of specificity required for community control given to felons. To the contrary, misdemeanants need only be notified that the court could impose a definite jail time from a range of allowable jail terms. This is a critical distinction as it alleviates a trial court from any requirement that it state a specific jail sentence that could be imposed for violation of community control as is required by R.C. 2929.19(B)(5).[3]

{¶ 11} We conclude that the trial court in the instant case complied with the requirements of R.C. 2929.25(A)(3)(c). The sentencing-hearing transcript reveals that the trial court provided the following admonitions to appellant when she was originally sentenced for the OMVI:

> Miss Sutton, you will be placed under a community control sanction for one year on these terms: You are to enroll in the 72 hour driver intervention program through the mental health center. * * * Your driver's license will be suspended for six months and you will be given credit for the time you have been under the ALS since May the 1st. You are not to violate any law. * * * As long as you do those things, after the year that will be the end of it. If you fail to comply, you can be brought back into court and sentenced up to six months in jail and fined up to a thousand dollars.

{¶ 12} This court has determined that similar warnings were inadequate for felony cases, see, e.g., *State v. Grodhaus* (2001), 144 Ohio App.3d 615, 616, 761 N.E.2d 80 (trial court warned offender it could impose a prison term of "up to five years" for violating community control); *State v. McPherson* (2001), 142 Ohio App.3d 274, 278, 755 N.E.2d 426 (trial court stated only that offender could be "sent to prison" for violating community control but never specified a term of

---

**3.** Appellant argues that the word "definite" in R.C. 2929.25(A)(3)(c) should be given the same interpretation as the word "specific" in R.C. 2929.19(B)(5). We disagree. Had the Ohio General Assembly intended for these words to have the same meaning, they would have used the same word in both statutes. We need not concern ourselves with an etymological analysis of these words, however, because what really distinguishes the statutes is the provision in R.C. 2929.25(A)(3) that a court can impose a jail term from a "range of jail terms" available. This language contemplates a more general warning to the offender and we find no similar provision in R.C. 2929.19(B)(5).

imprisonment); and the Ohio Supreme Court would undoubtedly find it inadequate after *Brooks*.[4]

{¶ 13} Nevertheless, R.C. 2929.25(A)(3)(c) does not require misdemeanants to be notified of the "specific" terms that could be imposed for violation of community control as does R.C. 2929.19(B)(5), rather it requires that misdemeanants be notified that the trial court may "[i]mpose a *definite jail term from the range of jail terms authorized for the offense* under section 2929.24 of the Revised Code." (Emphasis added.) We believe the trial court's warning in the case sub judice complied with that statutory requirement.

■ {¶ 14} Appellant argues that, even if the trial court complied with the statute by giving her the requisite R.C. 2929.25(A)(3)(c) notifications, the court still failed to warn her that it could impose longer or more restrictive community control as required by R.C. 2929.25(A)(3)(a) and (b). She asserts that the trial court should be held to a strict-compliance standard and because it failed to give her those warnings it cannot impose a jail sentence for her community-control violation. We are not persuaded.

{¶ 15} Although we concede that the record supports appellant's contention that the trial court did not give appellant the admonitions required by subsections (a) and (b) of R.C. 2929.25(A)(3), we find this to be harmless error in light of the fact that the trial court did not impose the type of sentences that those subsections intended to address. In discussing analogous felony requirements, we explained that the reason for the required warnings is to put an offender on notice of the possible prison sentence that could be imposed. See *McPherson,* supra, 142 Ohio App.3d at 279, 755 N.E.2d 426. Similarly, in *Brooks* the Ohio Supreme Court noted that the legislature's purpose in drafting R.C. 2929.19(B)(5) was to make sure the offender was informed of the definite prison term that awaits if community control is violated. Id., 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, at ¶ 25.

{¶ 16} Likewise, we conclude that the Ohio General Assembly's purpose in drafting R.C. 2929.25(A)(3) was to ensure that a misdemeanant is put on notice of the potential sentences that could be imposed for violation of community control. The trial court in this case put appellant on notice that she could receive up to six months in jail. Although she received far less (only 27 days in jail), the statutory objectives were met. The trial court was, admittedly, less clear about informing

---

4. The trial court in *State v. Brooks,* 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, did not notify the offender of any prison term that it would impose. Id. at ¶ 1. Finding this to be inadequate under R.C. 2929.19(B)(5), the court held that trial courts must, at the sentencing hearing, "notify the offender of the specific prison term that may be imposed" for violation of community control. Id. at paragraph two of the syllabus.

her that she could receive longer or more restrictive community-control sanctions. The court, however, did not impose such a sanction and appellant suffered no prejudice in not receiving those warnings. See Crim.R. 52(A). Were the circumstances of this case different, and the trial court had sentenced appellant to a longer or more restrictive community-control sanction without having warned appellant that this was a possibility for violating her original community control, we would have a different situation. However, given that appellant was warned that a range of jail sentences could be imposed for community-control violations, we believe that the court sufficiently complied with the statute under the facts of this case.

{¶ 17} We acknowledge, of course, that statutes mean what they say. *McPherson* at 280, 755 N.E.2d 426; *Grodhaus* at 618, 761 N.E.2d 80. We also concede that *Brooks* is yet another indication that the Ohio Supreme Court is intent on strictly enforcing the provisions of R.C. Chapter 2929. Therefore, we agree that the R.C. 2929.25(A)(3) requirements must be met. That said, however, we find nothing in the statute that requires a conviction to be reversed if those warnings are not given. Under those circumstances, appellate courts should ensure that the Ohio General Assembly's objectives are met (i.e., the misdemeanant is warned of the eventual sanction imposed for violation of community control), but otherwise enforce these statutes with a degree of common sense.

{¶ 18} We adhere to the view that Ohio's sentencing laws, although complex and convoluted, do not demand the reversal of appellant's conviction simply because she was not warned of a sanction that she did not receive. Therefore, although the trial court did not give appellant the full warning required by R.C. 2929.25(a)(3), we find this error harmless. The trial court did provide appellant notice of the particular sanction that she ultimately received and thus complied with the statute.

{¶ 19} For these reasons, we find appellant's assignment of error to be without merit and hereby overrule it. We hereby affirm the trial court's judgment.

Judgment affirmed.

HARSHA and MCFARLAND, JJ., concur.