[Cite as *State v. Williams*, 2015-Ohio-3932.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 14CA010641 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOHN L. WILLIAMS | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 14CR089566 |

DECISION AND JOURNAL ENTRY

Dated: September 28, 2015

SCHAFER, Judge.

{¶1} Defendant-Appellant, John L. Williams, appeals from his convictions in the Lorain County Court of Common Pleas. For the reasons set forth below, we reverse.

I.

{¶2} John L. Williams was indicted by a Lorain County Grand Jury with two counts of rape in violation of R.C. 2907.02(A)(1)(b), a first degree felony. Mr. Williams pled not guilty and filed a motion to dismiss the indictment for lack of venue. The trial court held a hearing on the matter and summarily denied Mr. Williams' motion. The case then proceeded to a two-day jury trial.

{¶3} The testimony at trial established that in February of 2014, John L. Williams, age 47, met 11-year-old A.S. on a social media website. The two sent messages to each other online and talked on the phone. That same day, A.S. called Mr. Williams and asked if he wanted to "chill." He said yes and the two made plans to meet. That afternoon, Mr. Williams met A.S. at a

gas station near her home in Lorain County. Mr. Williams then drove A.S. to a motel located in Cuyahoga County where they engaged in sexual intercourse twice. Mr. Williams later drove A.S. to a hotel in Cleveland and dropped her off there. A.S. then called her aunt to pick her up and take her home.

{¶4} At the conclusion of the State's case-in-chief, Mr. Williams renewed his objection concerning lack of venue and made a Crim.R. 29 motion for acquittal. The trial court respectively overruled and denied Mr. Williams' objection and motion. The defense rested without calling any witnesses.

{¶5} On July 25, 2014, a jury found Mr. Williams guilty of both counts in the indictment. The trial court sentenced Mr. Williams to serve 10 years to life in prison on each count and ordered the sentences to be served consecutively. The trial court also labeled Mr. Williams as a Tier III sexual offender.

{¶6} Mr. Williams now appeals and raises six assignments of error for this Court's review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN CONVICTING APPELLANT OF ALLEGED OFFENSES THAT WERE COMMITTED OUTSIDE THE COUNTY WHERE THE TRIAL WAS HELD.

{¶7} In his first assignment of error, Mr. Williams argues that the trial court erred in overruling his motion for acquittal under Crim.R. 29 because the State failed to present sufficient evidence establishing venue for the two rape charges. Specifically, Mr. Williams contends that because he was tried and convicted in Lorain County for offenses that were committed in Cuyahoga County, his rape convictions must be vacated. We agree.

**{¶8}** Under Crim.R. 29(A), a defendant is entitled to acquittal on a charge against him "if the evidence is insufficient to sustain a conviction * * *." Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo. *State v. Thompkins,* 78 Ohio St.3d 380, 386 (1997); *State v. West,* 9th Dist. Lorain No. 04CA008554, 2005–Ohio–990, ¶ 33. This Court must determine whether, viewing the evidence in a light most favorable to the prosecution, it would have convinced an average juror of Mr. Williams' guilt beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

**{¶9}** Venue is proper in any county where the offense, or any element of the offense, was committed. R.C. 2901.12(A). While venue is not a material element of an offense, the State must prove venue beyond a reasonable doubt unless it is waived by the defendant. *State v. Headley*, 6 Ohio St.3d 475, 477 (1983), citing *State v. Draggo*, 65 Ohio St.2d 88, 90 (1981). "Express evidence establishing venue is not necessary as long as the facts and circumstances of the case show beyond a reasonable doubt that the crime was committed in the county and state named in the indictment." *State v. Simpson*, 9th Dist. Summit No. 21475, 2004-Ohio-602, ¶ 72, citing *State v. Dickerson*, 77 Ohio St. 34 (1907), paragraph one of the syllabus; *Headley* at 477.

**{¶10}** When the parties addressed this matter in the trial court, the State relied on R.C. 2901.12(C) and (H) in arguing that venue was proper in Lorain County. R.C. 2901.12(C) provides, in relevant part, that "[w]hen the offense involved the * * * unlawful taking or enticing of another, the offender may be tried in any jurisdiction from which or into which * * * the victim was taken * * * or enticed." However, it appears that the State abandoned its theory that venue was proper under subsection (C), as the State did not request the trial court to instruct the jury on that subsection, and the only reference to that subsection within its appellate brief is a

quote of the subsection with no analysis as to whether subsection (C) applies to the facts of this case.

**{¶11}** With respect to R.C. 2901.12(H), that subsection provides, in part:

When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender *may be tried for all of those offenses* in any jurisdiction in which one of those offenses or any element of one of those offenses occurred. Without limitation on the evidence that may be used to establish the course of criminal conduct, any of the following is prima-facie evidence of a course of criminal conduct:

(1) The offenses involved the same victim, or victims of the same type or from the same group.

(2) The offenses were committed by the offender in the offender's same employment, or capacity, or relationship to another.

(3) The offenses were committed as part of the same transaction or chain of events, or in furtherance of the same purpose or objective.

(4) The offenses were committed in furtherance of the same conspiracy.

(5) The offenses involved the same or a similar modus operandi.

(6) The offenses were committed along the offender's line of travel in this state, regardless of the offender's point of origin or destination.

(Emphasis added.) The State contends that Mr. Williams' offenses were committed as part of the same transaction or chain of events, or in furtherance of the same purpose or objective under R.C. 2901.12(H)(3). Specifically, the State argues that Mr. Williams' conduct of picking up A.S. in Lorain County and driving her to Cuyahoga County to have sexual intercourse constituted a continuous course of conduct that allows him to be both indicted and tried in either Lorain or Cuyahoga County. But, a plain reading of R.C. 2901.12(H) forecloses such a view.

**{¶12}** It is well-established that if the language of a statute is plain and unambiguous, there is no need for a court to apply further rules of statutory interpretation. *State v. Siferd,* 151 Ohio App.3d 103, 2002–Ohio–6801, ¶ 33 (3d Dist.). Words and phrases must be read in context

and given their usual, normal, and customary meanings. R.C. 1.42; *Proctor v. Kardassilaris,* 115 Ohio St.3d 71, 2007–Ohio–4838, ¶ 12.

**{¶13}** As stated above, the State misapprehends the proper scope of R.C. 2901.12(H). A review of R.C. 2901.12(H), particularly the language that a defendant "may be tried for *all of those offenses*" in any county in which an element of any of the offenses occurred, leads us to conclude that unindicted offenses cannot serve as a basis for venue under the statute. As such, we are restrained, by the plain terms of R.C. 2901.12(H), to only considering the offenses that are charged in a criminal matter. Accordingly, although Williams may have engaged in criminal activity in Lorain County,[1] we may not consider any such uncharged conduct when deciding whether venue exists in this matter. *See State v. Hatfield*, 4th Dist. Athens No. 1413, 1990 WL 54884, * 7 (Apr. 19, 1990) ("There is no provision in R.C. 2901.12(H) that allows a trial court to assert venue where the defendant is being tried only on one offense, for which venue cannot be proven under R.C. 2901.12(A), by alluding to criminal conduct that remains uncharged, regardless of its similar nature or connection to the offense with which the defendant is charged."). Here, Mr. Williams was charged with two counts of rape in violation of R.C. 2907.02(A)(1)(b), which proscribes "engag[ing] in sexual conduct with another [when] * * * [t]he other person is less than thirteen years of age, whether or not the offender knows the age of the other person." The elements of this offense are only satisfied when a person engages in sexual conduct. According to the testimony elicited at trial, Mr. Williams had vaginal intercourse

---

[1] The result of this matter could very well have been different had Mr. Williams been indicted for his activities in Lorain County. For instance, his action of picking up a child in Lorain County and driving her to a motel in Cuyahoga County could produce criminal liability for a variety of offenses, including kidnapping, R.C. 2905.01(A)(2), criminal child enticement, R.C. 2905.05(B), and interference with custody, R.C. 2919.23(A)(1), (B). Absent some other charge arising from Mr. Williams' conduct in Lorain County, we are unable to find that the venue statute is satisfied.

with 11-year-old A.S. on two different occasions while at a motel in Cuyahoga County, so the elements of the charged offenses in this case were only satisfied there. There is no evidence in the record showing or suggesting that Mr. Williams engaged in any sexual conduct with A.S. either in Lorain County or while in transit to Cuyahoga County, which is fatal to the State's argument. The mere fact that A.S. was picked up in Lorain County is immaterial to the elements outlined in R.C. 2907.02(A)(1)(b).

{¶14} The State cites to three cases within its brief in support of the proposition that Lorain County was the proper venue to try Mr. Williams simply by virtue of him picking up a child and transporting her across county lines to have sexual intercourse. However, those cases are all distinguishable from the present case.

{¶15} For example, in *State v. Rhodes*, 8th Dist. Cuyahoga No. 42404, 1980 WL 355523 (Dec. 11, 1980), the defendant broke into a home in Cuyahoga County and proceeded to handcuff the victim, steal money and items from the home, and abduct the victim at gunpoint. When the victim attempted to escape, the defendant hit the victim twice on the head with his gun and shot him in the leg. The defendant then placed the victim into his vehicle and drove to a house located in Lake County. There, the defendant handcuffed the victim to a tree in a wooded area behind the house and raped the victim. The defendant was indicted, tried, and convicted in Cuyahoga County on two counts of felonious assault, one count of aggravated burglary, and one count of rape. The Eighth District Court of Appeals rejected the defendant's challenge to the rape conviction based upon venue because the "transporting and confinement of the victim [from Cuyahoga County to Lake County] were acts in furtherance of one of the necessary elements through which the rape was to be accomplished in Lake County." *Id*. at * 2.

{¶16} This matter implicates an entirely different factual scenario. Unlike the defendant in *Rhodes*, Mr. Williams did not commit any of the elements of rape under R.C. 2907.02(A)(1)(b), or any other charged criminal conduct, in Lorain County. Therefore, the State's reliance upon *Rhodes* is misplaced. The State's other authority is equally inapplicable. *See State v. Meridy*, 12th Dist. Clermont No. CA2003-11-091, 2005-Ohio-241 (determining venue to be proper in Clermont County where defendant was charged and convicted of trafficking drugs in Hamilton County, but planned and agreed to the sale during telephone conversations in Clermont County); *State v. Forster*, 2d Dist. Greene No. 1133, 1980 WL 352395 (Nov. 6, 1980) (concluding venue was proper in Greene County where defendant was convicted of contributing to the unruliness of a minor in violation of former R.C. 2151.41 and one of the elements of the offense was committed in Greene County).

{¶17} Accordingly, Mr. Williams' first assignment of error is sustained.

### ASSIGNMENT OF ERROR II

APPELLANT'S CONVICTIONS MUST BE VACATED BECAUSE THE GRAND JURY LACKED JURISDICTION TO INDICT APPELLANT FOR OFFENSES COMMITTED OUTSIDE OF THE COUNTY WHERE THE GRAND JURY WAS IMPANELED AND SWORN.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND VIOLATED APPELLANT'S RIGHTS UNDER THE SIXTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES AND ARTICLE I, SECTION 10, OF THE CONSTITUTION OF OHIO, BY INTERFERING WITH AND LIMITING DEFENSE COUNSEL'S CROSS-EXAMINATION OF THE INVESTIGATING OFFICER.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY REFUSING TO GIVE AN INSTRUCTION OF THE LESSER INCLUDED OFFENSE OF GROSS SEXUAL IMPOSITION.

ASSIGNMENT OF ERROR V

APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

ASSIGNMENT OF ERROR VI

THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED APPELLANT HIS CONSTITUTIONAL RIGHTS TO COUNSEL AND TO A JURY TRIAL BY BARRING DEFENSE FROM COMMENTING ON THE CREDIBILITY OF THE ALLEGED VICTIM DURING CLOSING ARGUMENT.

{¶18} Our resolution of Mr. Williams' first assignment of error renders his remaining assignments of error moot and we decline to address them. *See* App.R. 12(A)(1)(c).

III.

{¶19} Mr. Williams' first assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed and this matter is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

JONATHAN GARVER, Attorney at Law, for Appellant.

DENNIS P. WILL Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.