[Cite as *State v. Bailey*, 2016-Ohio-4937.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. Nos. 28003 |
| | 28004 |
| Appellee | 28005 |
| v. | |
| SCOTT M. BAILEY | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| Appellant | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
| | CASE Nos. CR 2011-08-2057 |
| | CR 2011-11-3188 |
| | CR 2015-03-0720 |

DECISION AND JOURNAL ENTRY

Dated: July 13, 2016

WHITMORE, Judge.

{¶1} Appellant, Scott M. Bailey, appeals from the Summit County Court of Common Pleas. His consolidated appeals center on his guilty plea in Case Number CR 2015-03-0720 and the sentence imposed in Case Number 2011-11-3188 for community control violations. This Court reverses.

I

{¶2} In March 2015, Bailey fled from police on icy roads through a residential neighborhood. Bailey reached speeds of 65 miles per hour in a 25 mile per hour zone. He also ran several stop signs and failed to signal as police attempted to stop him with overhead lights and sirens. He was eventually apprehended following a foot chase after he "bailed out of the car."

{¶3} Bailey was initially charged in Akron Municipal Court with: (1) failure to comply with the order of a police officer ("failure to comply"); (2) obstructing official business; (3) driving under suspension; (4) a stop sign violation; and (5) reckless operation. He was later indicted for: (1) failure to comply in violation of R.C. 2921.331(B), a third-degree felony; (2) driving under suspension in violation of R.C. 4510.11(A), a first-degree misdemeanor; and (3) obstructing official business in violation of R.C. 2921.31, a second-degree misdemeanor. Bailey pled not guilty to the indicted offenses.

{¶4} Based on the 2015 charges, Bailey was also alleged to have violated his community control in two separate 2011 cases (Case Number 2011-08-2057 and Case Number 2011-11-3188). Bailey had previously violated community control two times in those cases. Following his prior violations, the trial court continued him on community control.

{¶5} At a change of plea hearing, Bailey pled guilty to failure to comply. The State dismissed the driving under suspension and obstructing official business charges. At the beginning of the change of plea hearing, the prosecutor noted that the failure to comply charge was a third-degree felony and that, if Bailey was given a prison sentence, it was "mandatory consecutive time." During the trial judge's colloquy with Bailey, she confirmed that he understood that a guilty plea in the 2015 case was also an admission to violating his community control terms in the 2011 cases. She further advised that "on the new case the maximum penalty that could be imposed is 36 months incarceration and a fine of up to $10,000." The judge did not explicitly address whether any sentences were required to be served consecutively.

{¶6} The court sentenced Bailey to 1 year incarceration in the 2015 case. In Case Number 2011-08-2057, Bailey was ordered to serve 6 months for possession of cocaine. In Case Number 2011-11-3188, Bailey was ordered to serve 18 months for failure to comply, 6 months

for possession of cocaine, and 6 months for operating under the influence of alcohol or drugs ("OVI"). In Case Number 2011-11-3188, the trial court further ordered that the failure to comply and possession of cocaine sentences be served consecutively, but that the OVI sentence be served concurrently. The trial court ordered the sentences in the three cases to run consecutively to each other for a total of 3 years and 6 months.

{¶7} Bailey appeals raising four assignments of error. Bailey's first and fourth assignments of error relate to his plea in Case Number CR 2015-03-0720. His second and third assignments of error relate to his sentence in Case Number CR 2011-11-3188. We have rearranged his assignments of errors accordingly.

II

Assignment of Error Number One

BAILEY'S GUILTY PLEA IN CR 2015-03-0720 MUST BE VACATED BECAUSE HE DID NOT ENTER HIS PLEA KNOWINGLY, VOLUNTARILY, OR INTELLIGENTLY.

{¶8} In his first assignment of error, Bailey argues that he did not enter his guilty plea knowingly, voluntarily, or intelligently because the trial court failed to inform him that he would be statutorily required to serve consecutive sentences. We agree.

{¶9} Prior to accepting a guilty plea, the court must address the defendant "personally" and determine, inter alia, "that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved." Crim.R. 11(C)(2)(a). "[U]nless a plea is knowingly, intelligently, and voluntarily made, it is invalid." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 25. The plea colloquy is designed to ensure that the defendant understands the consequences of his decision to enter a plea. *Id*. at ¶ 26. "[I]f the trial judge imperfectly explained nonconstitutional rights such as the right to be informed of the

maximum possible penalty * * *, a substantial-compliance rule applies." *Id.* at ¶ 31. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implication of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶10} The parties agree that Bailey's sentences must run consecutively under R.C. 2921.331(D) because Bailey caused a substantial risk of serious physical harm to persons or property when fleeing police. The statute requires, "if the offender is sentenced to prison for that violation, the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender." R.C. 2921.331(D).

{¶11} Usually, a trial judge is not required to advise a defendant at the time of his plea that consecutive sentences may be imposed. *See State v. Johnson*, 40 Ohio St.3d 130 (1988), syllabus. In *Johnson*, the Court reasoned that "the decision of whether the criminal defendant is to serve the sentences for all his crimes consecutively or concurrently is a matter of sentencing discretion" and "[t]he exercise of such discretion" occurs at the time of sentencing not when the plea is entered. *Id.* at 133-134.

{¶12} Bailey argues that *Johnson* does not apply where a statute requires the imposition of consecutive sentences, and therefore, the court is not exercising any discretion when imposing the consecutive requirement. Bailey cites to cases from the Eighth and Sixth Districts differentiating between "discretionary consecutive" sentences and "mandatory consecutive" sentences. *See State v. Perry*, 8th Dist. Cuyahoga No. 101667, 2015-Ohio-1542, *State v. Norman*, 8th Dist. Cuyahoga No. 91302, 2009-Ohio-4044, and *State v. Pitts*, 159 Ohio App.3d 852, 2005-Ohio-1389 (6th Dist.).

**{¶13}** We agree with our sister Districts that *Johnson* is distinguishable from cases, such as the present one, where a trial court lacks discretion to determine whether sentences should run concurrently or consecutively. When a statute requires that sentences be served consecutively, the consecutive nature "directly affects the length of the sentence, thus becoming a crucial component of what constitutes the 'maximum' sentence." *Norman* at ¶ 7. In that situation, the trial court must inform the defendant of the consecutive nature of the sentence, as it is part of the maximum penalty.

**{¶14}** Because the right to be informed of the maximum penalty is a nonconstitutional right, we review the plea hearing transcript to determine whether there was substantial compliance. At the beginning of the plea hearing, the prosecutor stated that Bailey was going to plead guilty to "failure to comply, it's a felony of the third degree. It's mandatory consecutive time, not mandatory time, but mandatory consecutive if he's given any prison sentence." The prosecutor continued that they would request a presentence investigation report, that they remained free to argue sentencing, and that Bailey would also plead guilty to community control violations. Defense counsel responded, "That's an accurate description of our negotiations."

**{¶15}** When addressing Bailey, the trial court judge inquired, "You understand that by pleading guilty you are also admitting to violating the terms and conditions of your community control in the two 2011 cases?" and "You understand on the new case the maximum penalty that could be imposed is 36 months incarceration and a fine of up to $10,000?". Bailey answered, "Yes, Your Honor" to these inquiries. The trial judge did not ask whether Bailey understood that, if he was sentenced to prison, his sentences would be run consecutively pursuant to R.C. 2921.331(D).

{¶16} The State argues that the prosecutor's statement at the beginning of the plea hearing ensured that Bailey understood that his sentence would be run consecutively. We do not agree that the prosecutor's statement can substitute for the trial judge's obligation to address the defendant "personally" to ensure that he understands the maximum penalty that he is facing. *See* Crim.R. 11(C)(2)(a); *see also State v. Anderson*, 108 Ohio App.3d 5, 12 (9th Dist.1995) (defendant's receipt of information from attorneys does not obviate need for dialogue with the trial court). Defense counsel's agreement to the "description of our negotiations" does not necessarily equate to the defendant's understanding of the maximum sentence that he faced.

{¶17} Here, the trial court failed to ensure that Bailey understood that his sentences would be run consecutively pursuant to a statutory requirement. Not only did the court not mention the consecutive nature of the sentences, the court did not provide Bailey with the aggregate sentence that could be imposed. *Contrast State v. Millhoan*, 6th Dist. Lucas Nos. L-10-1328 and L-10-1329, 2011-Ohio-4741, ¶ 33 (maximum consecutive penalty "substantially convey[ed]" when court informed defendant of prison term for each charge and aggregate, total prison term).

{¶18} We note that the parties also address arguments made by defense counsel at the sentencing hearing. Bailey contends that these arguments "compounded" the error alleged herein. We disagree as statements at the sentencing hearing do not demonstrate what Bailey did or did not understand at the time that he entered his plea. *See State v. Meredith*, 9th Dist. Summit No. 25198, 2011-Ohio-1517, ¶ 8 (error during sentencing would not affect whether defendant made plea knowingly, voluntarily, and intelligently).

{¶19} Because the trial court's plea colloquy did not ensure that Bailey understood the maximum penalty he was facing, his first assignment of error is sustained.

Assignment of Error Number Four

BAILEY'S CONVICTION IN CR 2015-03-0720 MUST BE REVERSED BECAUSE HE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED HIM BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

{¶20} In his fourth assignment of error, Bailey argues that his trial counsel was ineffective because he failed to object when the trial court did not notify Bailey of the consecutive nature of his sentence. Given our resolution of Bailey's first assignment of error, this assignment of error is moot and need not be addressed. *See* App.R. 12(A)(1)(c).

Assignment of Error Number Two

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT SENTENCED BAILEY TO SERVE SIX MONTHS IN THE SUMMIT COUNTY JAIL FOR A VIOLATION OF HIS COMMUNITY CONTROL FOR DRIVING UNDER SUSPENSION IN CR 2011-11-3188, WHEN THE TRIAL COURT INITIALLY REQUIRED BAILEY TO SERVE 30 DAYS IN THE COUNTY JAIL.

{¶21} In his second assignment of error, Bailey argues that the six-month sentence he received on his OVI conviction following his most recent community control violation must be vacated. We agree.

{¶22} Initially, we note that Bailey is challenging the sentence that was imposed for his OVI conviction, which was a misdemeanor offense. He is not challenging the sentences imposed for his felony convictions.

{¶23} A court imposing community control for a misdemeanor "shall notify the offender that if any of the conditions of the community control sanctions are violated the court may do any of the following * * * [i]mpose a definite jail term from the range of jail terms authorized for the offense * * *." R.C. 2929.25(A)(3)(c).

{¶24} On appeal, Bailey argues that this statute is "analogous to the felony version found at R.C. 2929.19(B)(4)." We disagree. R.C. 2929.14(B)(4) provides that a court imposing a community control sanction in a felony case

> shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court * * * may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected from the range of prison terms for the offense * * *.

The felony statute requires a notification of the "specific prison term," but the misdemeanor statute requires only notification that a "definite jail term from the range of jail terms authorized" may be imposed. *Compare* R.C. 2929.14(B)(4) *with* R.C. 2929.25(A)(3)(c). The misdemeanor statute does not require that the "specific" term be stated at the hearing. *See, e.g., State v. Gibson*, 11th Dist. Portage No. 2013-P-0047, 2014-Ohio-433, ¶ 33-34, *State v. Sutton*, 162 Ohio App.3d 802, 2005-Ohio-4589, ¶ 10 (4th Dist.). It does, however, still require that the defendant be notified that a jail term may be imposed for a violation.

{¶25} In the instant matter, Bailey was notified of the prison terms that could be imposed for his felony convictions if he violated his community control. But, he was not notified that any further jail term might be imposed on his misdemeanor OVI conviction.

{¶26} The initial sentencing entry in Case Number CR 2011-11-3188 placed Bailey on community control for two years. It further listed "sanctions being imposed" including "[t]hat he pay a fine in the amount of $525.00 and serve 30 days in the Summit County Jail on Count 3 of the Indictment [OVI]." He was further notified that, if the conditions of the community control sanctions were violated the court may "impose a prison term of 18 months on Count 1 [failure to comply], and a prison term of 6 months on Count 2 [possession of cocaine], including

discretionary post release control of 3 years. Said prison sentences to run consecutively with each other and consecutively with the sentence imposed in Case Number 11 08 2057."

{¶27} Following his first community control violation, the court extended his community control term. The journal entry states that a violation "may lead to more restrictive sanctions for the Defendant, up to and including a prison term of 24 months, to be served consecutively with the prison term in Case Number 11 08 2057, for a total of 30 months."

{¶28} When Bailey again violated the terms of his community control, the court once again continued him on community control. The court again noted that a violation "may lead to more restrictive sanctions for the Defendant, up to and including a prison term of 24 months, to run consecutively with the prison term in Case Number 2011 08 2057, for a total of 30 months."

{¶29} None of these entries advised Bailey that he would have a sentence imposed on the OVI charge if he violated the terms of his community control sanctions. The first entry advises that 18 months could be imposed on the failure to comply charge and 6 months on the possession of cocaine charge. This totals 24 months for a violation. Neither of the two subsequent entries varied this 24-month total, although they mention what the grand total would be if combined with the amount from Case Number 2011-08-2057.

{¶30} Because Bailey was not notified that *any* jail term could be imposed relative to his OVI conviction, this portion of his sentence must be vacated. Bailey's second assignment of error is sustained.

<u>Assignment of Error Number Three</u>

THE TRIAL COURT ANNOUNCED A DIFFERENT SENTENCE IN ITS JOURNAL ENTRIES THAN IT DID DURING BAILEY'S SENTENCING HEARING, VIOLATING HIS RIGHT TO DUE PROCESS AND MANDATING REVERSAL AND A NEW SENTENCING HEARING.

**{¶31}** In his third assignment of error, Bailey argues that the sentence imposed for his OVI conviction in the journal entries differed from the sentence that was stated at his sentencing hearing. In light of our disposition of the second assignment of error, this assignment of error is moot and need not be addressed. *See* App.R. 12(A)(1)(c).

### III

**{¶32}** Bailey's first and second assignments of error are sustained. His third and fourth assignments of error are moot. The judgment of the Summit County Court of Common Pleas is reversed and this matter remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

JACQUENETTE S. CORGAN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.