[Cite as *State v. Coffer*, 2020-Ohio-994.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ERIC COFFER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 18 MA 0077

---

Criminal Appeal from the
Youngstown Municipal Court of Mahoning County, Ohio
Case No. 16 CRB 02604Y

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Jeff Limbian*, Youngstown Law Director and *Atty. Kathleen Thompson*, Assistant Law Director, 9 West Front Street, 3rd Floor, Youngstown, Ohio  44503, for Plaintiff-Appellee, No Brief Filed.

*Atty. Adam V. Buente,* The Law Office of Adam V. Buente, LLC, 841 Boardman-Poland Road, Suite 307, Boardman, Ohio  44512, for Defendant-Appellant.

Dated:  March 13, 2020

_____

**WAITE, P.J.**

**{¶1}**  Appellant Eric Coffer appeals a July 10, 2018 Youngstown Municipal Court judgment entry sentencing him to one hundred-fifty days in jail following his community control violation.  Appellant argues that the trial court failed to inform him at the original sentencing hearing that a definite jail term could be imposed if he violated the terms of his community control.  He also argues that the court failed to specify the length of such jail sentence, thus the court lacked the ability to impose any jail sentence following his violation.  For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

**{¶2}**  A warrant for Appellant's arrest was issued after he was charged with multiple violations of driving with a suspended license.  On December 27, 2016, Appellant was also charged with one count of falsification, a misdemeanor of the first degree in violation of R.C. 2921.13(A)(3) in case number 16 CRB 2604.  On April 25, 2017, a capias was issued for Appellant's arrest following his failure to appear at a court proceeding.  On June 5, 2017, Appellant was arrested and on June 13, Appellant pleaded guilty to the falsification charge and two related driving with a suspended license charges that arose from case numbers 17 TRD 1349 and 16 TRD 3027.  Appellant was sentenced to thirty days in jail for falsification and thirty days on each count of driving with a suspended license.  The sentences were ordered to run consecutively.  The court also imposed a one-year term of probation following Appellant's release from jail.

{¶3} Appellant filed two motions for early release, both were denied. Following his actual release, on April 12, 2018 the state filed a notice of a possible probation violation, alleging that Appellant failed to report to probation on February 21, March 21, and April 5 of 2018. A capias was issued for Appellant's arrest. On May 7, 2018, Appellant was arrested on the capias.

{¶4} On May 25, 2018, Appellant stipulated to the probation violation and on July 10, 2018, the court held a final probation hearing where Appellant conceded that he failed to report to probation on the three listed occasions. The court imposed a jail term of 150 days, with credit for 7 days served. It is from this entry that Appellant timely appeals.

## ASSIGNMENT OF ERROR

The Trial Court Failed to Properly Advise Appellant of the Sentence He Would Face if He Violated the Terms of His Community Control, Thereby Depriving the Trial Court of the Ability to Later Impose a Prison Term.

{¶5} Appellant argues that the trial court failed to notify him when he was originally sentenced of the definitive jail term he would face in the event that he violated community control. He also argues that the court failed to specify the length of that potential jail sentence. Because the court failed to adequately advise him regarding a possible jail sentence, he argues that the court was not permitted to impose this sentence.

{¶6} The state has failed to file a response brief.

{¶7} Generally, a misdemeanor sentence is reviewed for an abuse of discretion. *State v. Reynolds*, 7th Dist. Jefferson No. 08-JE-9, 2009-Ohio-935, ¶ 9, citing R.C. 2929.22; *State v. Frazier*, 158 Ohio App.3d 407, 2004-Ohio-4506, 815 N.E.2d 1155, ¶ 15

(1st Dist.). "An abuse of discretion is more than an error of judgment; it requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable." *State v. Nuby*, 7th Dist. Mahoning No. 16 MA 0036, 2016-Ohio-8157, ¶ 10, citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶8}** Appellant concedes that he has waived all but plain error in this matter as he failed to object to his sentence. A three-part test is employed to determine whether plain error exists. *State v. Billman*, 7th Dist. Monroe Nos. 12 MO 3, 12 MO 5, 2013-Ohio-5774, ¶ 25, citing *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

> First, there must be an error, *i.e.* a deviation from a legal rule. Second, the error must be plain. To be "plain" within the meaning of Crim.R. 52(B), an error must be an "obvious" defect in the trial proceedings. Third, the error must have affected "substantial rights." We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial.

*Billman* at ¶ 25.

**{¶9}** Appellant encourages us to apply *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837 and *State v. Mavroudis*, 2016-Ohio-894, 60 N.E.3d 821 (7th Dist.) on review of this matter. However, we have previously rejected application of these cases, which involve the felony statute, in misdemeanor cases. See *State v. Mayer*, 7th Dist. Mahoning No. 16 MA 0107, 2018-Ohio-338.

**{¶10}** In misdemeanors matters, a court is to apply R.C. 2929.25(A)(3), which provides:

At sentencing, if a court directly imposes a community control sanction or combination of community control sanctions pursuant to division (A)(1)(a) or (B) of this section, the court shall state the duration of the community control sanctions imposed and shall notify the offender that if any of the conditions of the community control sanctions are violated the court may do any of the following:

(a) Impose a longer time under the same community control sanction if the total time under all of the offender's community control sanctions does not exceed the five-year limit specified in division (A)(2) of this section;

(b) Impose a more restrictive community control sanction under section 2929.26, 2929.27, or 2929.28 of the Revised Code, but the court is not required to impose any particular sanction or sanctions;

(c) Impose a definite jail term from the range of jail terms authorized for the offense under section 2929.24 of the Revised Code.

{¶11} Appellant claims that the trial court did not comply with R.C. 2929.25(A)(3)(c), which requires the court to advise a defendant that it will "[i]mpose a definite jail term from the range of jail terms authorized for the offense under section 2929.24 of the Revised Code" in the event of a community control violation.

{¶12} At the sentencing hearing, the trial court stated at one point:

Consider yourself lucky, however, that you're not going to jail for eight consecutive months; because when you get out of jail, you're going to be

on probation for a period of a year.  So when you get out of jail, you need to come back in and sign up for probation.  If you don't -- because this is what you do; if you don't come in and sign up for probation, I'll have you arrested and here we go again, you go back to jail for everything that I didn't give you today.

(6/13/17 Tr., pp. 7-8.)

{¶13} Appellant appears to define the term "definite sentence" as one with a specific jail term.  At least three appellate districts have rejected this argument.  See *State v. Sutton,* 162 Ohio App.3d 802, 2005-Ohio-4589, 835 N.E.2d 752 (4th Dist.) (in misdemeanor cases, a trial court is not required to impose a specific jail term at the original sentencing hearing); *State v. Bailey,* 2016-Ohio-4937, 68 N.E.3d 416 (9th Dist.) (the misdemeanor statute requires that the trial court notify the defendant that a jail term may be imposed for a community control violation but does not require the court to provide a specific jail term); *State v. Gibson,* 11th Dist. Portage No. 2013-P-0047, 2014-Ohio-433, overruled on other grounds, *State v. Thomas*, 2018-Ohio-1024, 109 N.E.3d 12 (11th Dist.) (a trial court is not required to notify a defendant at the original sentencing hearing of a specific jail term that may be imposed in the event of a community control sanction violation.)

{¶14} Although the trial court's language in the instant case is somewhat lacking in clarity and precision, the court did provide a jail term.  The court informed Appellant that he could be sentenced to an aggregate total of eight months.  Ultimately, the court sentenced him to only three months.  When taken as a whole, the record shows the court did advise Appellant that it could impose the remainder of his eight month sentence, five

months, if he violated his community control sanction. Appellant was sentenced to the remaining five months of his eight-month sentence after he violated community control.

{¶15} This court's advisement is similar to that found in three cases arising from the Fourth District, *Sutton, supra; State v. McDonald,* 4th Dist. Ross No. 04CA2806, 2005-Ohio-3503, and *State v. Brown,* 4th Dist. Ross No. 05CA2855, 2006-Ohio-1716. In *Sutton,* the trial court informed the defendant that she could "be brought back into court and sentenced up to six months in jail" if she violated her community control sanction. *Id.* at ¶ 11. In *McDonald,* the court advised the defendant "that if he failed to comply with the community control sanctions, he could 'be brought back in to court and sentenced up to six months in jail.' " *Id.* at ¶ 3. In *Brown,* the court informed the defendant "that a violation [of his community control sanction] could result in a sentence of 'up to six months' and a fine 'up to a thousand dollars.' " *Id.* at ¶ 1. In each of these cases, the Fourth District held that the language was sufficient to place each defendant on notice that they would be subject to a jail term if they violated their community control sanction.

{¶16} In the instant case, the court advised Appellant that he would be subject to the remainder of his eight month sentence after serving the three months he was directly given. The court sentenced Appellant to five months in jail after he violated his community control sanction. While not a model of clarity, Appellant was notified of his specific five month sentence for possible violation of community control. Regardless, the court was not required to notify Appellant of the specific jail term he would receive. The court was only required to inform him that it could impose a jail term. This record reflects that the court complied with R.C. 2929.15(A)(3)(c).

Case No. 18 MA 0077

**{¶17}** It does not appear Appellant is contesting the trial court's advisement of the R.C. 2929.25(A)(3)(a), (b) notifications. We note that the trial court did fail to comply with these notifications. The court's failure in this regard does not create reversible error, however, because the court did not impose either of the punishments in these subsections: a longer community control sanction or a more restrictive community control sanction. When the trial court fails to comply with a subsection of R.C. 2929.25(A)(3) but does not impose the punishment found within the missing subsections, such error is harmless. *Sutton* at ¶ 15.

**{¶18}** Accordingly, Appellant's sole assignment of error is without merit and is overruled.

## Conclusion

**{¶19}** Appellant argues that the trial court failed to inform him at the original sentencing hearing that, if he violated the terms of his community control sanction, a definite jail term could be imposed. He also argues that the court failed to specify the length of such jail sentence. Hence, he contends the court lacked the ability to impose any jail sentence following his community control sanction violation. For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

D'Apolito, J., concurs.

Case No. 18 MA 0077

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Youngstown Municipal Court of Mahoning County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**