**[Cite as *State v. Riemenschneider*, 2020-Ohio-4678.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

JUSTIN J. RIEMENSCHNEIDER

    Appellant

C.A. No.     29537

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 19 03 0953

DECISION AND JOURNAL ENTRY

Dated: September 30, 2020

SCHAFER, Judge.

{¶1} Defendant-Appellant, Justin Riemenschneider, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} Riemenschneider was indicted on three charges: abduction, assault, and aggravated menacing. A jury found him not guilty of abduction and aggravated menacing, but guilty of assault, a first-degree misdemeanor. The trial court sentenced him to one year of community control and ordered him to refrain from offensive conduct and obey all laws. The court indicated that, if he violated his community control conditions, it might "impose a reserved jail term of Six (6) months * * *." Upon motion, the court stayed the imposition of its sentence for purposes of a direct appeal.

{¶3} Riemenschneider now appeals from his sentence and raises one assignment of error for this Court's review.

II.

## Assignment of Error

**The trial court committed reversible and plain error when it sentenced Mr. Riemenschneider without complying with all the applicable sentencing statutes.**

{¶4} In his sole assignment of error, Riemenschneider argues that the trial court failed to comply with various statutes when sentencing him. We disagree.

{¶5} Riemenschneider concedes that he failed to object to any aspect of his sentence in the lower court, and thus, forfeited all but plain error. *See State v. Coffer*, 7th Dist. Mahoning No. 18 MA 0077, 2020-Ohio-994, ¶ 7-8. Plain error exists only where there is a deviation from a legal rule, that is obvious, and that affected the defendant's substantial rights to the extent that it affected the outcome of the trial. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). "Notice of plain error * * * is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶6} When sentencing a misdemeanant, a court may impose a sentence of (1) one or more community control sanctions, (2) jail, or (3) a combination of jail and community control (i.e., by imposing a jail term, suspending all or part of the jail term, and placing the misdemeanant on community control). R.C. 2929.25(A)(1)(a), (b). If the court directly imposes a sentence of community control, it must inform the misdemeanant of the duration of that sanction, R.C. 2929.25(A)(3), and require him to "abide by the law" as a condition of his community control, R.C. 2929.25(C)(2). The court also must notify the misdemeanant that, if he violates any of his community control conditions, the court may increase the duration of his sanction, impose a more restrictive sanction, or "[i]mpose a definite jail term from the range * * * authorized for the offense

under [R.C.] 2929.24 * * *." R.C. 2929.25(A)(3)(c). Unlike the felony sentencing statute, "[t]he misdemeanor statute does not require that the 'specific' [jail] term be stated at the hearing." *State v. Bailey*, 9th Dist. Summit Nos. 28003, 28004, 28005, 2016-Ohio-4937, ¶ 24. It only requires a notification that "a jail term may be imposed for a violation." *Id.*

{¶7} The trial court sentenced Riemenschneider to one year of community control. It also notified him that, if he violated the conditions of his community control, it might "impose a reserved jail term of Six (6) months * * *." Riemenschneider argues that the trial court erred when it sentenced him to a "reserved jail term." According to Riemenschneider, if the court wished to sentence him to a jail term, it had to impose that term and suspend it before imposing his term of community control. Further, he argues, the court could not sentence him to six months in jail because that sentence would exceed the 180-day maximum sentence for a first-degree misdemeanor. *See* R.C. 2929.24(A)(1). Finally, he argues that his sentence is contrary to law because the court failed to notify him, at his sentencing hearing, that he had to abide by the law and that he could not leave the State without permission. *See* R.C. 2929.25(C)(2). For the foregoing reasons, he asks this Court to reverse his sentence and remand the matter for resentencing.

{¶8} Contrary to Riemenschneider's suggestion, the trial court did not sentence him to a jail term such that it was required to impose and suspend that term before placing him on community control. *See* R.C. 2929.25(A)(1)(b). The court directly imposed a sentence of one-year of community control. *See* R.C. 2929.25(A)(1)(a). In doing so, it advised Riemenschneider that he might be subject to a definite jail term *if* he violated the conditions of his sentence. *See* R.C. 2929.25(A)(3)(c). The court, therefore, was not imposing a jail term at the time of sentencing; it was attempting to comply with R.C. 2929.25(A)(3)(c)'s notification requirement. Even if the

court erred by stating that the length of any definite jail term it might impose would be six months, Riemenschneider cannot demonstrate prejudice as a result of that error. *See Barnes*, 94 Ohio St.3d at 27. The court was not required to notify him of a specific jail term. *See Bailey*, 2016-Ohio-4937, at ¶ 24. The court complied with the misdemeanor statute's notification requirement by informing him that he faced a definite jail term if he violated the conditions of his community control. *See Coffer*, 2020-Ohio-994, at ¶ 10-17; *State v. Sutton*, 162 Ohio App.3d 802, 2005-Ohio-4589, ¶ 11-13 (4th Dist.). Because Riemenschneider has not shown that the court failed to comply with R.C. 2929.25(A)(1)(a), 2929.25(A)(3)(c), or 2925.24(A)(1), his argument to the contrary lacks merit.

{¶9} We also reject Riemenschneider's argument that the trial court failed to comply with R.C. 2929.25(C)(2). That subsection provides, in relevant part:

> The sentencing court shall require as a condition of any community control sanction that the offender abide by the law and not leave the state without the permission of the court or the offender's probation officer.

R.C. 2929.25(C)(2). According to Riemenschneider, the court was required to orally notify him of the foregoing conditions at his sentencing hearing. Because it did not, he argues, a reversal is warranted.

{¶10} The plain language of R.C. 2929.25(C)(2) does not set forth any oral notification requirement. *See State v. Williams*, 9th Dist. Lorain No. 14CA010641, 2015-Ohio-3932, ¶ 12 (statutes must be applied according to their plain and unambiguous language). While R.C. 2929.25(A)(3) outlines the notifications that a trial court must state "[a]t sentencing," R.C. 2929.25(C)(2) includes no such language. *Compare* R.C. 2929.25(A)(3) *with* 2929.25(C)(2). It merely requires courts to include certain conditions as a part of a misdemeanant's community control sanction. *See* R.C. 2929.25(C)(2). *See also State v. Bryant*, Slip Opinion No. 2020-Ohio-

1041, ¶ 26 ("[A] court must read all statutes relating to the same general subject matter together, in a manner that gives proper force and effect to each one."). There is no statutory requirement that those conditions be stated on the record at the sentencing hearing. *Compare* R.C. 2929.25(A)(3).

{¶11} The trial court specifically advised Riemenschneider at his sentencing hearing that he would be subject to a variety of penalties if he violated the conditions of his community control. *See* R.C. 2929.25(A)(3). Moreover, its sentencing entry provides that he must abide by the rules set by the Adult Probation Department, refrain from offensive conduct, and obey all laws. Riemenschneider has not shown that the court also had to advise him, at his sentencing hearing, that he was required to abide by the law and to notify either the court or his probation officer if he intended to leave the state. *See* App.R. 16(A)(7). Because he has not shown that the court violated R.C. 2929.25(C) when sentencing him, we reject his argument to the contrary. Riemenschneider's sole assignment of error is overruled.

III.

{¶12} Riemenschneider's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.